## EASTER V. GOYNE.

LIENS: *Mortgage and statutory; priority.*

The lien created by statute, (Mansf. Dig., sec. 4468), in favor of the keeper of a jack or stallion, is subordinate to the lien of a prior recorded mortgage executed after the passage of the act.

APPEAL from *Ashley* Circuit Court.

C. D. WOOD, Judge.

The appellant, *pro se*.

A mortgagor can create no lien superior to the mortgagee's without his consent.    Jones Chat. Mortg., 2nd ed., sec. 472.

Unless the legislature clearly made the lien of a jack keeper superior to that of a prior recorded mortgage, the same rule will apply as in cases of mechanic's liens.  5 Ark., 217; Ib. 237; 8 Ib., 231; 25 Ib., 490.

The appellee, *pro se*.

The act (Acts 1885, p. 53) gives an absolute, unqualified lien upon the females served.    It is superior to all others. 30  Am.  Rep.,  425;  21  Kas.,  217;  3  Starkee,  172; 10  C. B.,  (N. S.), 417; 5 Lane,  372;  Herman  on  Chat. Mortg., 308; 13 Kas., 492; 47 Ga., 555.

COCKRILL, C. J.

The abstract of the appellee states that the only question in this case is whether a lien upon a mare prescribed by the statute for the benefit of the keeper of a jack, (Mansfield's Digest, sec. 4468), shall take precedence of a prior recorded mortgage executed after the passage of the act.  The circuit court determined the question in the affirmative.

The statute under consideration does not evince the intention to give preference to the statutory lien, and in the absence of a legislative intent to that effect, the courts have not, unless in exceptional instances, permitted the lien created by the statute to become paramount to a prior recorded mortgage.    Jones on Liens, secs. 691-3, and cases cited; Jones on Chattel Mortg., sec. 474.

In accordance with this rule it has been decided by this court that a mechanic's lien is subordinate to a prior recorded

mortgage. *Brown v. Morrison*, 5 Ark., 217; *McCollock v. Caldwell*, 8 Ib., 231. The statute upon the subject of mechanic's liens, passed since these dicisions, has conformed, in express terms, to the ,rule established by them. Mansfield's Digest, secs. 4408, 4410.

Without express legislative declaration to that effect, the landlord's lien upon crops for the rent of the demised premises is adjudged by this court to be superior to a prior mortgage, notwithstanding a mortgage upon an unplanted crop is authorized by statute. But the preference is given because the statutory lien is coeval with the tenancy—the tenant being incapable of creating an interest in his mortgagee greater than he himself has. *Hammock v. Creekmore*, 48 Ark., 266. The lands are demised by the landlord upon the condition imposed by the statute, that he shall have a lien on the fruits thereof for the payment of his rent, and all who contract with the tenant are bound to take notice of that fact. The landlord's lien is not an exception, therefore, to the rule. The court erred in giving the statutory lien preference.

Let the judgment be reversed and the cause remanded for a new trial.