No. 1,996.

## WOODARD v. MYERS.

REPLEVIN.—*Chattel Mortgage.*—*Agister's Lien.*—*Alternative Judgment.*—A judgment for defendant in replevin must, under section 1618, R. S. 1894, provide for the return of the property and for costs, instead of being in the alternative for the return of the property or its value.

SAME.—*Agister's Lien.*—The lien of an agister for feeding and caring for a colt placed in his hands by the owner, after the execution of a mortgage thereon, and after the maturity of the debt thereby secured, is superior to the lien of the mortgage, where the mortgagee had notice that the colt was placed in the agister's hands and left it there for more than a year to be fed and cared for by him.

From the Elkhart Circuit Court.

*Stephens & Chester,* and *Chamberlain & Turner,* for appellant.

*J. S. Dodge* and *O. Z. Hubbell,* for appellee.

DAVIS, J.—This was an action in replevin, instituted by appellant against appellee, to recover the possession of one chestnut sorrel colt. The appellant alleged, in his complaint, that he was the owner of the colt by virtue of a chattel mortgage, the condition of which having been broken entitled him to the immediate possession. It is averred that the mortgage was duly recorded. No question is raised as to the sufficiency of the complaint.

Appellee answered by a general denial. A trial by a jury in the circuit court resulted in a finding that appellee was entitled to the possession of the colt by reason of an agister's lien for the keeping and care of said animal, which at the time of the bringing of the suit amounted to $52.00, and that the colt was worth

$55.00 when appellant obtained possession thereof by the writ of replevin. Appellant's motion for a new trial was overruled.

The court rendered judgment on the verdict, that appellant should forthwith return said colt to appellee and pay all costs of said proceedings, and, in default thereof, that appellee recover of appellant the sum of $52.00 and his costs. Appellant moved the court to modify the judgment so as to be a simple judgment for the return of the property and for costs.

This motion was overruled. The errors assigned are:

1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in overruling appellant's motion to modify the judgment.

The case originated in the court of the city of Elkhart. It reached the circuit court on appeal. The jurisdiction and practice of the court of the city of Elkhart are the same as that of a justice of the peace. Section 3669, R. S. 1894; *Berkey* v. *City of Elkhart*, 13 Ind. App. 314.

In such actions, if the "defendant prevail, judgment shall be rendered in his favor for his costs and that he have return of the property." Section 1618, R. S. 1894. In the language of Judge New, in *Everman* v. *Hyman*, 3 Ind. App. 459, 464: "The justice's act does not permit a judgment in the alternative in favor of the defendant when the plaintiff has the possession of the property under the writ."

It is clear that the contention of counsel for appellant, that the trial court erred in overruling appellant's motion to modify the judgment, must prevail.

Did the court err in overruling appellant's motion for a new trial?

The evidence discloses that the mortgage was executed to appellant by the owner of the colt on the

30th day of December, 1892, and that the note secured by the mortgage became due on the 30th day of March, 1893; that appellee was engaged in the business of feeding and taking care of live stock for others for hire, and that on or about the 15th of April, 1893, after the maturity of the debt secured by the mortgage, the mortgagor left the colt with appellee to be fed and taken care of by him; that, within a few days thereafter, appellant was informed by the mortgagor that the colt had been so left with appellee, and that appellant from that time forward knew that appellee was feeding, pasturing and caring for the colt; that appellee pastured, fed and cared for the colt until the 30th of November, 1894, when this suit was commenced. There is also evidence fairly tending to prove that when the colt was placed in the hands of appellee it was only ten months old; that it was too young for service; that, during the time appellee had possession of the colt, the mortgagor was a traveling man, and that he was unable to pay his debts, or any part thereof. When the colt was left in the care of appellee the mortgage debt was past due and the appellant was unable to induce the mortgagor to pay any part thereof.

The lien of a chattel mortgage duly recorded, is paramount to that of agister for subsequently pasturing the mortgaged stock, unless it is shown that the mortgagee consented, either expressly or impliedly, that such stock might be so pastured and subjected to such lien. This rule is especially applicable where the lien for agisting is created before the maturity of the mortgage debt. *Hanch* v. *Ripley*, 127 Ind. 151; *Wight* v. *Sherman*, 52 N. W. Rep. 1093; *Blain* v. *Manning*, 36 Ill. App. 214.

In this case, however, the agister's lien was created entirely after the maturity of the mortgage debt. In

Woodard *v.* Myers.

addition to this fact, not only did the mortgagee have knowledge that the colt was placed in the hands of the agister to be fed and cared for by him, but the circumstances shown by the evidence are such, when considered most strongly in behalf of appellee, as to warrant the inference by the jury that the feeding, pasturing and caring for the colt by appellee was with his implied consent.

Moreover, the failure of appellant to assert his right to the possession of the colt, on breach of the condition for the payment of the debt when due, in view of the fact that the feed and care of the colt by appellee was necessary to the preservation of the life of the animal might have been fairly construed by the jury, under the circumstances, as a waiver of his superior lien by appellant in favor of the agister's lien.

We are not required to determine what weight, if any, should have been given to the fact, if it appeared, that the mortgage debt had not been due, or that the mortgagor was probably paying for the pasturing and care of the colt, or if appellee had been using the colt, or if appellant had been induced by any statements or representations of the mortgagor or appellee to delay asserting his right under the mortgage. All that we decide on this question is, that as the case comes to us, we fail to see any sufficient reason for this court setting aside the verdict of the jury and the judgment of the trial court on the evidence.

The judgment is reversed, with instruction to sustain appellant's motion to modify the judgment at cost of appellee.

Filed April 14, 1896.