Geraghty v. The State.

Filed March 10, 1887.

———————

No. 12,912.

## GERAGHTY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Name.*—*Affix of " Junior" or " Senior."*—The word "junior" or "senior," attached to the name of a person referred to in an indictment, is a mere matter of description, constituting no part of the name, and where such word is affixed to the name of the defendant in one part of the indictment and is omitted in another, the sufficiency of the indictment is in no wise affected.

SAME.—*Intoxicating Liquor.*—*Sale to Habitual Drunkard.*—*Notice.*—Section 2093, R. S. 1881, does not make it an offence to sell to a person whom the seller simply knows to be in the habit of becoming intoxicated. The offence consists in selling to such person, after the proper notice in writing, of his habit in that respect.

SAME.—*Indictment.*—*Notice to Seller.*—*Residence.*—An indictment charging a sale of intoxicating liquor to a person in the habit of becoming intoxicated, which does not aver that, prior to such sale, the defendant had been notified in writing, by some citizen of the township or ward wherein such person resided at the time the notice is given, that the latter was in the habit of being intoxicated, is insufficient, and a motion to quash should be sustained.

From the Rush Circuit Court.

*J. Q. Thomas*, for appellant.

*L. T. Michener*, Attorney General, *M.´D. Tackett*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

NIBLACK, J.—On the 15th day of October, 1885, the grand jury of Rush county returned into open court an indictment charging, "that, on the 20th day of August, A. D. 1885, at and in the county of Rush and State of Indiana, James Geraghty did, then and there, unlawfully sell to one John M. Wilson one-half gallon of intoxicating liquor, to wit, whiskey, at and for the price of two dollars; he, the said John M. Wilson, being then and there a person who was in the habit of being intoxicated, as the said James Geraghty, Jr., then and there well knew, and after he, said James Geraghty, Jr., had been notified in writing not to sell to the said John M. Wilson by one Hannah Wilson, wife of the said John M. Wilson, and a citizen of Noble township, Rush county, Indiana, where he, said John M. Wilson, resides."

After overruling a motion to quash the indictment, the circuit court found the defendant guilty and adjudged him to pay a fine of fifty dollars.

Section 2093, R. S. 1881, which defines the offence intended to be charged in this case, reads as follows: "Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of being intoxicated, shall be fined not more than one hundred dollars nor less than fifty dollars," to which may be added imprisonment and disfranchisement.

The first objection urged against the sufficiency of the indictment is, that, as the defendant below, and appellant here, is first called "James Geraghty" only, and is afterwards referred to as "James Geraghty, Jr.," there is an irreconcilable repugnancy, and consequent fatal variance, apparent on the face of the indictment. But this objection can not be sustained.

It was held in the case of Allen v. State, 52 Ind. 486, and doubtless correctly, that the addition of the word "senior" or

"junior" to the name of a person referred to in an indict-ment is a mere matter of description, constituting no part of the name, and need not be proved where proof of the name is necessary.

The next objection made to the indictment is, that it is not shown that such a notice was given by Hannah Wilson to the appellant as is contemplated by the section of the statute herein above set out.

It must be borne in mind that the statute referred to does not make it an offence to sell intoxicating liquor to a person whom the seller simply knows to be in the habit of being intoxicated. The offence consists in selling to such a person after notice in writing of his habit, in the respect stated, by some one of a limited or particular class of persons, that is to say, by a citizen of the township or ward in which the person so in the habit of being intoxicated resides at the time the notice is given.

In the indictment before us, it is not charged that Hannah Wilson notified the appellant that her husband was in the habit of being intoxicated, or that her said husband resided in Noble township, when she notified the appellant " not to sell to " him.

The allegation that John M. Wilson resided in the township named at the time the indictment was returned, is not the equivalent of an averment that he was a resident of that township when the alleged notice was given. *State* v. *Reynolds*, 108 Ind. 353 ; *Engle* v. *State*, 97 Ind. 122.

The motion to quash the indictment ought, consequently, to have been sustained.

The judgment is reversed, and the cause remanded for further proceedings.

Filed March 15, 1887.