Kruger v. The State.

---◆---

No. 16,898.

## KRUGER v. THE STATE.

VARIANCE.—*Pleadings and Evidence.*—*Question, How Saved.*—To save a question as to an alleged variance between the pleadings and the proof, the party objecting must make his objections at the proper time in the trial court, and if he fails to do so, he can not afterwards avail himself of the objection.

SAME.—*Pleadings and Proof.*—*Criminal Law.*—*Arson.*—Where an in-

dictment for arson charged the property to be that of "Bernd Brothers," and the proof was that it belonged to Peter and Daniel Bernd, who were partners and brothers, their firm name being "Bernd Brothers," etc., such variance is immaterial and not fatal.

SAME.—*Pleadings and Proof.*—*Criminal Law.*—*Arson.*—Where an indictment for arson charged the property burned to be partnership property, and therefore, in law, personalty, but the proof shows · that it was real estate belonging to, and used by, the partnership, such variance could not have been misleading, and is immaterial.

From the Marion Criminal Court.

*W. F. A. Bernhamer* and *W. N. Pickerill*, for appellant.

*A. G. Smith*, Attorney-General, and *J. W. Holtzman*, Prosecuting Attorney, for State.

McCABE, J.—The appellant was convicted of the crime of arson on the following indictment, omitting the formal part thereof: "That Fred Kruger, on the 2d day of April, A. D. 1892, at and in the county of Marion, and State aforesaid, did then and there unlawfully, feloniously, wilfully, and maliciously set fire to, and burn, a certain building, to wit: A certain shop there situate, o the value of nine hundred dollars, then and there being the property of another person, to wit, Bernd Brothers, and did then and there and thereby feloniously, unlawfully, and maliciously burn and destroy the said property to the damage thereof in the sum of three hundred dollars, contrary to the form of the statute in such case made and provided, etc."

The only respect in which it is contended that the trial court erred, is in overruling of appellant's motion for a new trial. The appellant has abandoned the other errors assigned by neglect to discuss them in his brief. One of the grounds of the motion for a new trial is that the finding of the court is contrary to law and the evidence, and is not supported by sufficient evidence.

The only ground urged in argument is, that the find-

ing is not supported by sufficient evidence. It is not denied by the appellant that the evidence establishes that he burnt the building described in the indictment, but it is contended that the ownership of the property is not proven, as laid in the indictment. It is charged to be the property of "Bernd Brothers." The proof is that it belonged to Peter and Daniel Bernd, who were partners and brothers, their firm name being "Bernd Brothers," and that they carried on their partnership business in said building. The contention is that there is a fatal variance in the proof from the charge. But it is contended by the State that, as the evidence was admitted without any objection by appellant, he can not now raise any question of mere variance on a motion for a new trial.

In *Taylor* v. *State*, 130 Ind. 66 (69), this court said: "No objection was made then, or at any other time during the trial, so far as appears by the record, that there was any variance between the proof and the allegations in the indictment. The most that can be said of the objection now urged is that there is a variance between the allegations of description in the indictment and the proof offered by the State to sustain such allegations. A party objecting to a variance between the pleadings and the proof, must make his objections at the proper time during the trial, and, if he does not do so, he can not afterwards avail himself of the objection."

To the same effect is *Graves* v. *State*, 121 Ind. 357. As no objection on account of the alleged variance was made until made in this court, it comes too late to avail the appellant anything. But we are of opinion that the variance was immaterial, and therefore not fatal if it had been made at the proper time. The main contention is that the charge indicates that the building burned was partnership property, and therefore personal property,

but that the proof shows that it was real estate. It is true that real estate, when it is owned by a partnership, is, by the law, treated as personal property for the purposes of the partnership, and yet for all other purposes it still remains real estate intrinsically, as if it had never belonged to the partnership. The fact that a firm of partners purchase real estate for the use and benefit of their partnership, and take the deed in the individual names of the partners instead of the firm name, does not necessarily destroy its character as partnership property. Besides, it has been held by this court, that in an indictment charging the burning of "a mill house, the personal property of another" named, the statement that it is personal property "is a conclusion of law rather than a statement of a fact, and for that reason may be regarded as surplusage not affecting the indictment one way or the other." *Ford* v. *State*, 112 Ind. 379. Whether this property was owned by Bernd Brothers in such a manner as to make it partnership property or as individual property, was not material to the determination of the guilt of the appellant. They were carrying on their partnership business in the building. And this court has held in a somewhat similar case that "the variance, if such it be, had reference only to a matter of unnecessary description; and for a mere failure to prove with technical exactness an averment which was not necessary nor of the essence of the offense charged, we would not, under the rules governing appeals in criminal cases, be authorized to reverse." *Mergentheim* v. *State*, 107 Ind. 567.

It is true, the general rule is that in arson as in other crimes consisting of injuries to property, the indictment must name the owner. 1 Bish Crim. Proc., section 573; *King* v. *State*, 44 Ind. 285; *Bell* v. *State*, 46 Ind. 453; *Wolf* v. *State*, 53 Ind. 30; Acts 1891, p. 402.

But arson is an offense against the possession, and the indictment may charge the injured property to be that of the real occupier. 1 Bish Crim. Proc., section 573; *Ritchey* v. *State*, 7 Blackf. 168; *McNeal* v. *Woods*, 3 Blackf. 485.

The evidence shows that the building burned was occupied by Bernd Brothers, partners, in carrying on the business of their partnership. And the statute expressly authorized the indictment to charge it to belong to the partnership.

It reads as follows: "When any offense is committed upon or in relation to any property belonging to partners or to several joint owners, or which, when the offense was committed was in possession of a bailee or tenant, the indictment or information for such offense shall be deemed sufficient, if it allege the ownership of such property to be in such partnership by its firm name, or in any one of such partners, owners, bailors or bailees, tenant or tenants, without naming all of them," etc. R. S. 1881, section 1753.

Here the property was charged to be that of the firm of Bernd Brothers, and the evidence shows that they occupied the building burnt in carrying on their partnership business. Their occupancy as such firm was sufficient proof of ownership, as alleged in the indictment. Proof that they held the title as tenants in common and as individuals can not defeat the case thus made by the evidence. But if this were not so the variance was not material.

An approved modern author thus states the rule: "A variance is not now regarded as material, unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense." 3 Rice Crim. Ev., section 121.

It is very clear that the variance could not have misled the defense, and it is equally clear that this conviction will forever remain a complete bar to another prosecution against appellant for burning the same building. That being so, it would be a reproach to the law if he could obtain a reversal of a just conviction, on account of matter that in no way harmed or injured him.

We find no available error in the record. The judgment is, therefore, affirmed.

Filed Dec. 22, 1893.