DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1906.

---

THE MAYOR, &c., OF THE BOROUGH OF PARK RIDGE, PLAINTIFF IN ERROR, v. N. A. REYNOLDS ET AL., DEFENDANTS IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

1. When a judge of the Supreme Court has made an order for summary investigation upon a petition and affidavit conferring jurisdiction on him to make such an order, pursuant to the provisions of the act entitled "An act to provide for the summary investigation of county and municipal expenditures," approved February 18th, 1879, and a supplement to said act, approved March 23d, 1898, he may be required to institute an inquiry as to the facts on which his act has been founded, at least to the extent of discovering whether he has been imposed upon.

2. When the municipality, the affairs of which are ordered to be investigated, files a subsequent petition for the vacation of the previous order, and supports it by counter affidavits, yet does not apply for a rule to show cause or other proceedings to determine the contested facts, there was no error committed by the judge in dismissing the latter petition and refusing to vacate the order made upon the first petition.

3. The constitutionality of the above-recited acts was challenged in the Supreme Court upon a specific ground. Under the decision now made that ground is ineffective to support the claim. *Held*, that the other objections to the act, on the ground of unconstitutionality, will not be considered.

On error to the Supreme Court. For opinion of that court, see 44 *Vroom* 116.

For the plaintiff in error, *Reuben M. Hart.*

For the defendants in error, *Edmund W. Wakelee* and *Wendell J. Wright.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment of the Supreme Court brought before us by this writ affirmed an order for a summary investigation into the affairs of the borough of Park Ridge, made by a justice of the Supreme Court under the provisions of a supplement to an act entitled "An act to provide for the summary investigation of county and municipal expenditures," approved February 18th, 1879, which supplement was approved March 23d, 1898 (*Pamph. L., p.* 155), and a subsequent order dismissing a petition to vacate the previous order and denying its prayer. These orders were taken to the Supreme Court by *certiorari,* and it was there held that a justice of the Supreme Court, in acting upon applications for summary investigation under the provision of the act above referred to, is not required to institute inquiry into the truth of the facts sworn to in the jurisdictional affidavit upon which he makes the order for such investigation.

We are unable to approve the view that the Supreme Court justice who has directed the investigation may not be required to institute an inquiry into the truth of the affidavit upon which his jurisdiction has been invoked, at least to the extent of discovering whether he has been imposed upon.

But the judgment of the Supreme Court affirming the orders complained of was evidently correct. The affidavit upon which the first order for an investigation was made was complete and exhibited facts which clothed the justice with power to make it. The petition and counter affidavit contested the facts and prayed that the first order should be vacated thereon. There was no application for a rule to show cause, or for an issue to determine the disputed facts, or to

take testimony with respect to the contested points. Manifestly, the demand of the petition could not be granted without further proceedings, which were not sought, and its dismissal was therefore right.

It is contended that the constitutionality of the acts above referred to, and upon which the orders were made, comes in question, and it has been largely argued. The reason assigned in the Supreme Court, to which this argument refers, reads as follows: "That the act referred to is unconstitutional if freeholders and taxpayers are barred from inquiry into the validity of an affidavit upon which an order for investigation is based."

This was the sole attack with respect to unconstitutionality in the Supreme Court. The objections made in this court on that score are much broader, but evidently they cannot operate to produce a reversal of the judgment of the Supreme Court on other grounds than those presented to that court. The Supreme Court has held these acts to be constitutional. *Hoboken* v. *O'Neill,* 44 *Vroom* 189.

In the respect indicated in the reason filed in the Supreme Court, the objection is unavailable, for we hold that freeholders and taxpayers are not barred from an inquiry into the truth of an affidavit on which an investigation is ordered.

The result is that the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    14.

*For reversal*—None.