DRAKE *v.* STATE OF INDIANA.

[No. 24,652. Filed April 5, 1929. Rehearing denied June 26, 1929.]

*McDaniel & Myers* and *Norman E. Patrick*, for appellant.

*U. S. Lesh*, Attorney-General, *Arnet B. Cronk* and *Carl Wilde*, for the State.

TRAVIS, J.—Appellant was adjudged guilty of the offense of possessing, controlling and using a still for the manufacture of intoxicating liquor, as defined by Acts 1923, ch. 33, §1.

Before arraignment and plea to the charge, appellant filed his verified amended motion to quash the search warrant, and the return of the service thereof, and for an order for the suppression of the evidence obtained by virtue of such warrant and its execution. This motion was submitted to the court for adjudication, without attack by any motion or demurrer,

and without answer thereto by the appellee. The court overruled the motion. This matter is presented by a special bill of exceptions. The principal attack made by appellant's motion to quash the search warrant, etc., is that the affidavit upon which the search warrant issued was founded exclusively upon information given to the affiant of the affidavit, and affiant's belief that the information was true, and that the magistrate who issued the search warrant heard no evidence in support of the affidavit to obtain the issuance of the search warrant. The ruling of the court upon appellant's motion upon these facts constituted error. *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657.

The cause was submitted for trial to a jury upon the plea of not guilty, which resulted in a verdict of guilty, and judgment upon the verdict.

At the trial appellee was permitted by the court to introduce in evidence the affidavit for the search warrant, the warrant and return thereon, the still which was exhibited to the officers by appellant, and oral evidence by the officers of what they were shown in connection with the still by appellant, which was a large quantity of corn mash, and that the still was in full operation when exhibited by appellant. The appellant claimed ownership of the still and ingredients of distillation, and said that it was the first distilling he had ever done. All this evidence was admitted over the objections of appellant. At the time the officers presented themselves to appellant upon the premises where the still and materials for distillation were located, and had informed appellant they had a search warrant for these premises, he told the officers that he had a still then in operation and the place of its location. He then led the officers to the small building in the orchard where the still was in operation, unlocked the door and exhibited the still.

One of the appellant's propositions is that his actions

before and words spoken to the officers, were not an invitation to search, and that his actions and words were procured by the alleged invalid search warrant. The admission by appellant that he then was in the act of the commission of a felony did not constitute an invitation to search the premises. His admission is in no manner analogous to an invitation. The proposition of law made by appellant applies to cases where there is a mere acquiescence, no matter by what language made, without the open confession of then and there being in the act of the commission of a felony. This case is distinguished from the case of *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420, in which latter case there was respectful acquiescence to the law, but not an admission of guilt. Upon the admission made to the officers, it was their duty to arrest appellant without a warrant of arrest. After the admission of the act of then committing a felony, appellant led the officers to see the still; they did not search for the still. It is therefore competent for the officers to testify to the fact of the admission made, and as well of the exhibition of the still in operation, and the ingredients of distillation. The introduction of the evidence upon the ground of the search warrant and a search thereunder over objection would be erroneous, if that ground of objection stood alone, because the search warrant was subject to the motion to quash it; but that ruling becomes harmless, because the evidence, necessary to sustain the verdict, was the evidence of appellant's admission of then committing a felony, and his exhibiting thereafter the instruments by which he was accomplishing the unlawful and felonious act. The evidence was competent for that reason. There is sufficient competent evidence to sustain the verdict of guilty.

Complaint is made of instruction No. 1 given by the court for the reason that it is based upon the hypothesis

that the mere possession of a still for the manufacture of intoxicating liquor is an offense under the statute. The instruction extends to the use of the still as well as to its mere possession. The objection to the instruction does not embrace the instruction as a whole. The part of the instruction not embraced in the objection to it defeats the objection.

Complaint is made of instruction No. 15. This instruction advised the jury that, under the laws, both national and state, appellant and his property were not subject to search unless the officer was either authorized to search and seize by a warrant or by the consent of appellant; and, if the jury found beyond a reasonable doubt that appellant gave his consent to search and seize, it mattered not whether the officer had a warrant for search and seizure. If the abstract proposition embraced within the instruction that it was within the province of the jury to determine whether or not consent to search and seize is or is not given by the proper person, which is not here decided, the instruction might properly be held incorrect for the reason that it fails to advise the jury of the law which constitutes a consent to search and seize. But, as herein stated, appellant informed the officers that a felony was then being committed on the premises, whereby it was unnecessary to execute the search warrant. For which reason it is unnecessary to consider and decide the proposition which relates to this instruction. Instructions Nos. 16 and 17 were of the same general legal import as No. 15 (writ to search and seize). Instruction No. 16 turns upon the question of invitation and consent by appellant; and instruction No. 17 turns upon the question of the validity of the search warrant, and that the search was unreasonable and illegal unless made by authority of a valid search warrant, or "with the full and free consent of the defendant." The same reason given above for not con-

sidering and deciding the propositions which relate to instruction No. 15, applies to instructions Nos. 16 and 17. The officers knew by appellant's admission that he was then and there committing a felony, and they did not violate any legal rule of conduct by following appellant to the small building in the orchard and there seeing the still in operation, as exhibited by appellant.

Appellant's assigned error that, "The affidavit does not state facts sufficient to constitute a public offense," does not present a question for review upon appeal. This assignment, however, is founded upon the proposition that the statute (Acts 1923, ch. 33, §1) is unconstitutional, and not upon the overruling of the motion to quash the affidavit which charged the offense. This proposition may not be presented for the first time here. *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399, 69 N. E. 451; *King* v. *State* (1921), 191 Ind. 306, 132 N. E. 628.

The other assigned errors are: "The court has no jurisdiction to render the judgment rendered herein," and, "The judgment rendered by the court herein is void." These two assignments of error are based upon the asserted unconstitutionality of the statute which defines the offense. It is not disclosed by the brief that the constitutionality of the statute, which defines the offense charged at bar, was presented for decision to the trial court. Although the jurisdiction of the court may be presented at any stage of the trial, and upon appeal (*Partlow* v. *State* [1923], 194 Ind. 172 [4], 141 N. E. 513), yet, here that question is based solely upon the *validity* of the statute. The constitutionality of a statute cannot properly be presented to the Supreme Court for the first time on appeal. *Pittsburgh, etc., R. Co.* v. *Town of Wolcott, supra; Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Atlas Securities Co.* v. *Grove* (1922), 79 Ind. App. 144, 137 N. E. 570; *Dodge* v. *Cornelius* (1901),

168 N. Y. 242, 61 N. E. 244; *Borough of Park Ridge* v. *Reynolds* (1907), 74 N. J. Law 449, 65 Atl. 990; *Matheson* v. *Branch Bank of Mobile* (1849), 48 U. S. (7 How.) 260, 12 L. Ed. 692. See: *Fritz* v. *State* (1912), 178 Ind. 463, 468, 469 (8), 99 N. E. 727. Contra: *Commonwealth* v. *Hanna* (1907), 195 Mass. 262, 11 L. R. A. (N. S.) 799, 122 Am. St. 251, 11 Ann. Cas. 514, 81 N. E. 149.

It has been decided, however, that the statute is constitutional. *Lindsay* v. *State, supra; Gmeiner* v. *State* (1925), 197 Ind. 43, 149 N. E. 728.

The court did not err in overruling the motion for a new trial. No reversible error of the trial court is presented.

Judgment affirmed.

Gemmill, J., and Martin, C. J., concur in conclusion.