### Gears *v.* State of Indiana.

[No. 25,467. Filed June 5, 1931. Rehearing denied November 6, 1931.]

4

W. D. Hardy, for appellant.

Arthur L. Gilliom, Attorney-General, and Edward J. Lennon, Jr., Deputy Attorney-General, for the State.

MYERS, J.—Appellant, in the court below, was convicted of grand larceny, and judgment pronounced pursuant to the finding. §2451 Burns 1926, Acts 1905 p. 584, §377. He prosecuted this appeal and has assigned as error the overruling of his motion for a new trial. Causes relied on in support of this motion are: Finding of the court not sustained by sufficient evidence, and finding contrary to law.

It is first insisted that the finding of the court was

contrary to law for want of an indictment or affidavit in the circuit court charging appellant with the offense of which he was convicted. The record discloses that an affidavit was filed in the city court of Evansville, charging appellant with feloniously taking and carrying away chickens of the value of $50, personal goods and chattels of one Dr. J. L. Whittinghill. A preliminary examination was had in that court, whereby the accused was held to bail for his appearance before the Vanderburgh Circuit Court. An order-book entry of the Vanderburgh Circuit Court shows that, during its adjourned December term, a transcript of the proceedings had in the city court, together with "an affidavit," was filed in the office of the clerk of the Vanderburgh Circuit Court. Looking to the face of the affidavit, it appears to be the one filed in the city court and by the clerk of the city court filed in the office of the clerk of the Vanderburgh Circuit Court. To this affidavit in the latter court, appellant was arraigned and entered a plea of not guilty. There was no motion to quash the affidavit nor motion in arrest of judgment, nor any objection to a trial in the circuit court of the issue joined. The affidavit was, by indorsement, approved by the prosecuting attorney and signed by him as such officer.

Appellant claims that the affidavit filed in the city court and refiled in the circuit court, and upon which he was tried, was insufficient to confer jurisdiction of the subject-matter upon the latter court, for the reason that the only alleged statutory authority for trying him upon that affidavit is unconstitutional and void, in that the subject expressed in the title of the act is fees for justices of the peace, etc., and in no manner includes the subject of charging the offense in the court to which the prisoner is recognized. Upon the foregoing premise, he insists that the Vanderburgh Circuit Court was

without jurisdiction over the subject-matter of this action, and hence its finding was contrary to law.

Chapter 51, Acts 1911 p. 75, §1, was amended, ch. 252, Acts 1921 p. 742, §1, §2103 Burns 1926, by adding the clause which, in substance, permits the trial of an accused upon the affidavit filed before a justice of the peace or other officer of like jurisdiction charging a felony, when filed in the criminal or circuit court, and properly indorsed and signed by the prosecuting attorney.

The jurisdictional question which appellant seeks to present for the first time in this court depends entirely upon the constitutionality of the amendment. While we are mindful that jurisdiction of a trial court over the subject-matter of an action may be challenged on appeal as well as in the court below, yet it is equally well settled that this court's authority to review questions on appeal is limited to those properly presented to a court of original jurisdiction. *Drake* v. *State* (1929), 201 Ind. 235, 240, 165 N. E. 757; *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 681, 171 N. E. 65; *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49; *Atlas Securities Co.* v. *Grove* (1922), 79 Ind. App. 144, 147, 137 N. E. 570. The validity of the amendment to which we have referred was not questioned in the trial court, and, inasmuch as the jurisdictional question sought to be presented by appellant depends entirely upon that amendment, it necessarily follows that we have no ruling on the controlling question for review.

Appellant next contends that the name of the owner of the stolen property is a material allegation of the affidavit and must be proved as charged. The affidavit charges that one "Dr. J. L. Whittinghill" was the owner of the stolen chickens. On direct examination he testi-

fied that his name was "J. L. Whittinghill," and, on cross-examination, he gave his name as. "James L. Whittinghill." Hence, a fatal variance is claimed because proof of the name of the owner of the stolen property does not correspond with the name in the affidavit. The inexcusable carelessness on the part of the State in failing to identify "J. L. Whittinghill" and "James L. Whittinghill" as the identical person named in the affidavit as owner of the stolen property was largely responsible for this appeal. The State insists that the question of variance was not properly saved during the trial and, for that reason, it cannot be urged for the first time on appeal. This insistence might be meritorious if the claimed variance in this case had to do with the character or kind of the stolen property, that is to say, had the State sought to support the allegations of the affidavit by proof that geese instead of chickens were stolen, objections to such evidence should be timely made. *Graves* v. *State* (1889), 121 Ind. 357, 23 N. E. 155. In the instant case, the question turns on the proof of the name of the individual owner of the chickens. The record at bar fails to disclose how the instant question was presented to the trial court. Here the point is made in support of the causes—finding not supported by sufficient evidence and contrary to law— in the motion for a new trial. This court has heretofore considered the question of variance in names when presented by a motion for a new trial. *Ehlert* v. *State* (1884), 93 Ind. 76; *Acton* v. *State* (1930), 201 Ind. 686, 171 N. E. 197.

The evidence in this case justifies us in saying that the letters "Dr." have a well-understood meaning, and when used as a prefix, as in the affidavit before us, they serve as a description but do not add to or detract from the true name of a person. There was evidence showing that "J. L. Whittinghill" was the

owner of the stolen property described in the indictment, and he so testified. It is true, on cross-examination, he said his name was "James L. Whittinghill." There was no evidence, as claimed by the State, that he was commonly known by either of those names. The evidence unquestionably shows that chickens were feloniously stolen, and that they were the property of J. L. Whittinghill. It seems to us it would be indeed quite technical to hold that appellant, under the circumstances here appearing, would be misled in making his defense, or that he was in any manner harmed by the asserted variance or by failure to charge and prove one full given name of Whittinghill, or that he could be again prosecuted on the same charge. A text-writer has very properly said: "The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge." 1 Wharton, Criminal Evidence (10th ed.) §95. See, also, *Kruger* v. *State* (1893), 135 Ind. 573, 577, 35 N. E. 1019.

Lastly, appellant insists that the evidence is insufficient. While the evidence connecting appellant with the larceny is largely circumstantial, we are only concerned in whether there was some evidence to sustain each material allegation of the affidavit. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681. We have read the evidence carefully, and, without taking the space to incorporate a synopsis of it in this opinion, we deem it sufficient to say that the finding of the trial court was fully justified and clearly within the law.

Judgment affirmed.

Roll, J., absent.